1   KOELLER, NEBEKER, CARLSON & HALUCK, LLP
2   WILLIAM L. HALUCK, ESQ. (80146)
    (haluck@knchlaw.com)
3   MICHAEL J. ROSSITER, ESQ. (258410)
    (michael.rossiter@knchlaw.com)
4   3 Park Plaza, Suite 1500
    Irvine, CA 92614-8558
5   Telephone:  (949) 864-3400
    Facsimile:  (949) 864-9000
6
7   Attorneys for Defendant
    ORANGE COUNTY SHERIFF'S DEPARTMENT
8
    COOLEY LLP
9   JOHN S. KYLE (199196)
    (jkyle@cooley.com)
10  CRAIG S. NEWTON (253415)
    (cnewton@cooley.com)
11  SHANNON SORRELLS (278492)
    (ssorrells@cooley.com)
12  4401 Eastgate Mall
    San Diego, CA  92121
13  Telephone:   (858) 550-6000
    Facsimile:   (858) 550-6420
14
15  Attorneys for Plaintiff
    SCOTT MONTOYA

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 18  SCOTT MONTOYA, | Case No.  SACV11-01922 JVS (RNBx) |
| 19 | **DISCOVERY MATTER** |
| 20              Plaintiff, | District Judge, James V. Selna |
| 21  v. | Courtroom 10/C |
| 22  ORANGE COUNTY SHERIFF'S | Magistrate Judge, Robert N. Block |
|     DEPARTMENT | Courtroom 6D |
| 23 | |
| 24              Defendant. | **JOINT STIPULATION RE MOTION** |
| 25 | **TO COMPEL DEFENDANT** |
| | **ORANGE COUNTY SHERIFF'S** |
| 26 | **DEPARTMENT TO PRODUCE** |
| | **DOCUMENTS IN RESPONSE TO** |
| 27 | **PLAINTIFF'S FIRST SET OF** |
| 28 | **DOCUMENT REQUESTS** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)  Assigned to the Hon. James V. Selna
)
)
)  Assigned to Magistrate Robert N. Block
)  for discovery matters
)
)  Fact Discovery Cutoff:    Nov 2, 2012
)  Expert Discovery Cutoff:  Dec. 21, 2012
)  Final Pretrial Conf.:      Jan 7, 2013
)  Trial Date:               Jan 22, 2013
)
)
)
)
)
)

1

## **Table of Contents**

Introductory Statements……………………………………………………………..2

    Plaintiff's Introductory Statement……………………………………………2

    Defendant's Introductory Statement……………………………………………2

Points & Authority………………………………………………………………… 3

    Plaintiff's Points & Authorities……………………………………………… 3

    Defendant's Points & Authorities…………………………………....…10

Specific Discovery Requests and Responses………………………………………13

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rules 37-2.1 and 37-2.2 and Federal Rule of Civil Procedure 37(a), Plaintiff SCOTT MONTOYA ("Plaintiff") moves to compel Defendant ORANGE COUNTY SHERIFF'S DEPARTMENT ("Defendant" or "OCSD") to produce documents in response to Plaintiff's First Set of Requests For Production of Documents.  The parties have met and conferred pursuant to Local Rule 37-1 and were unable to come to an agreement concerning Defendant's production of documents in response to the Requests for Production set forth below.

## Introductory Statements

### Plaintiff's Introductory Statement

This motion is straightforward.  Six months ago Plaintiff served Requests for Production of Documents on OCSD. OCSD agreed to produce responsive documents, and OCSD was obligated to conduct a reasonable and diligent search for responsive electronically stored information ("ESI").

Now, just two weeks before the close of discovery, OCSD acknowledges that it did not search for responsive ESI and that if failed to previously inform Plaintiff of this fact. In light of the fast-approaching trial date and close of discovery, Plaintiff requests an order compelling OCSD to produce responsive ESI and for sanctions.  Plaintiff further requests an order permitting Plaintiff to re-depose witnesses on any subsequently produced ESI.

### Defendant's Introductory Statement

There is no discovery dispute.  The parties _have_ come to an agreement concerning Defendant's production of documents in response to the Request for Production set forth below.  Defendant has been doing everything in its power to avoid the necessity of this motion and already agreed to produce the documents which form the basis of this motion well before this motion was even drafted. Defendant's IT Manager and his team are currently in the process of searching for and collecting the responsive documents.  Defendant's IT Manager has indicated

that the documents should be ready for production by November 9, 2012.  Counsel for Defendant has also already agreed to make any of the previous deponents available should any of the documents yield information relevant to the deponents' prior testimony.  Furthermore, because of OCSD retention policies the responsive documents would only cover the time period <u>after</u> Plaintiff was already on administrative leave awaiting final authorization for termination from his employment making Plaintiff's claim of prejudice all the more tenuous.

Essentially, counsel for Defendant made an inadvertent error, which has delayed the production of certain documents responsive to Plaintiff's requests.  However, counsel for Defendant has worked exhaustively with Plaintiff's counsel in good faith to correct the error and to eliminate the need for the instant motion by agreeing to production and to make any deponents available should the documents yield relevant information.

In short, Plaintiff requests that this court compel Defendant to produce documents that are in the process of being produced.  Therefore, this motion is unnecessary and brought merely to harass and sanction Defendant needlessly.

### Points & Authority

### Plaintiff's Points & Authorities

Plaintiff served written requests for documents in April 2012.  Most of the requests sought "DOCUMENTS" as defined in Federal Rule of Civil Procedure 34(a)(1)(A).  The requests therefore included electronically stored information.  Other requests sought "COMMUNICATIONS" as defined as any transmission of information from one PERSON or ENTITY to another by any means in the form of facts, ideas, inquiries or otherwise.  In general, the requests sought documents and communications regarding Plaintiff, his employment, certain investigations into Plaintiff's conduct, and any discipline authorized by OCSD against Plaintiff.

For all of the requests identified below, Defendant OCSD represented that it would produce "all responsive documents as they are kept in the normal course of

business." The written Responses were signed by OCSD's counsel and verified by OCSD.  OCSD made several productions of responsive documents, and OCSD represented on numerous occasions that it was continuing to look for and produce documents.  However, it became clear that OCSD had not produced its ESI.

Following meet and confer efforts, additional productions, and depositions in which the witnesses admitted that they had not been requested to search for document, OCSD finally informed Plaintiff, on October 23, 2012, that it had not conducted an ESI search.  The discovery cutoff is November 2, and Plaintiff has conducted approximately 8 depositions as of the time of this Motion.

The requested ESI is significant to this case.  Plaintiff was employed by OCSD as a Deputy.  Over several years, Plaintiff was harassed by other Deputies and OCSD employees, and he was eventually terminated following several investigations conducted by OCSD.  OCSD's treatment of Plaintiff, based on his military service is in violation of USERRA, namely 38 U.S. Code § 4311.  The requested ESI is relevant to OCSD's treatment of Plaintiff and Plaintiff's complaints of harassment.

**Factual Background and Complaint Allegations**

Plaintiff Scott Montoya joined OCSD in 1989.  Beginning in approximately 1996, Plaintiff served in the Marine Corps Reserve while a member of OCSD.  In 2002, the United States Marine Corps called Plaintiff to active duty.  Plaintiff served in Iraq as part of Operation Iraqi Freedom.

In December of 2003, Plaintiff returned to OCSD and was assigned to work in a jail in Santa Ana, California.  In October of 2004, OCSD transferred Plaintiff to the city of Stanton to begin patrol training.

In January of 2005, during a formal ceremony attended by many public figures, including high-ranking representatives of OCSD, Montoya received the Navy Cross, the military's second-highest award, for his "outstanding display of decisive leadership, unlimited courage in the face of heavy enemy fire, and utmost

1   devotion to duty" based on his combat actions in Baghdad in 2003.

2       Beginning at around this same time, Montoya became the target of

3   harassment from certain other OCSD deputies assigned to Stanton. This harassment

4   frequently included derogatory references to his Navy Cross or other aspects of his

5   duty in the United States Marine Corps.  Montoya documented this harassment and

6   filed several written grievances with his superiors at OCSD. OCSD failed to

7   properly investigate his grievances or discipline the people involved.

8       Instead, OCSD initiated and conducted several investigations against

9   Plaintiff. These investigations ultimately led to the termination of Plaintiff's

10  employment.

11  **Legal Authority**

12      Below are listed the Requests for Production of Documents for which

13  Plaintiff seeks an order compelling OCSD to produce its responsive ESI.  Each

14  request sought either DOCUMENTS or COMMUNICATIONS.  For each request,

15  OCSD agreed to produce all responsive documents.  As OCSD admits, it has not

16  done so.

17      A party is obliged to produce all specified relevant and nonprivileged

18  documents or other things which are in his or her "possession, custody, or control"

19  on the date and place specified in the request. Fed.R.Civ.Pro. 34(a)(1); *Rockwell*

20  *Int'l Corp. v. H. Wolfe Iron & Metal Co.* (WD PA 1983) 576 F.Supp. 511, 512.

21  Here, counsel did not fulfill its obligation to find all sources of relevant documents

22  in a timely manner.  Counsel has an obligation to not just request documents of his

23  client, but to search for sources of information.  *Phoenix Four, Inc.,* 2006 WL

24  1409413, at *5. Counsel must communicate with the client, identify all sources of

25  relevant information, and "become fully familiar with [the] client's document

26  retention policies, as well as [the] client's data retention architecture." *Zubulake v.*

27  *UBS Warburg LLC,* 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

28      OCSD has completely failed to search, collect or produce responsive ESI.

## Meet and Confer Efforts

Plaintiff served Request for Production of Documents on April 26, 2012, seeking documents relating to Plaintiff's allegations. OCSD agreed to produce responsive documents, and OCSD produced some documents on April 10 and June 19, 2012.  On August 6, 2012, Plaintiff's counsel wrote a meet and confer letter to OCSD's counsel regarding the document production, noting "it does not appear that Defendant produced any emails or documents responsive to the above requests which were not otherwise included in internal investigative reports or in Plaintiffs' personnel records."  See Declaration of C. Newton, Exhibit 1.  On August 17, 2012, Plaintiff's counsel attempted to identify specific deficiencies in OCSD's document production.  See Declaration of C. Newton, Exhibit 2.   The first identified deficiency was as follows:

> Incomplete production of documents concerning all communications among OCSD and its agents regarding the Plaintiff or with the Plaintiff.  As one component, based on our review, it appears that defendant has not produced emails or perhaps any electronically stored information.  Can you identify the emails searched (e.g., custodians, dates, terms, etc)?

In response, on August 20, OCSD's counsel wrote, "I have requested the materials listed below from my client. I will let you know as soon as possible when I expect to have the supplemental responses to you." See Declaration of C. Newton, Exhibit 3.

Thereafter, Plaintiff deposed two employees of OCSD.   Both witnesses testified that they had received no instructions regarding document retention or collection.   On September 17, 2012, Plaintiff's counsel sent another meet and confer letter addressing growing concerns with OCSD's production.  See Declaration of C. Newton, Exhibit 5.  Plaintiff's counsel wrote, "[w]e understand that OCSD is in the process of producing additional documents responsive to the requests we served in April of this year.  However, given this testimony from these

1   two OCSD employees, we do not see how OCSD could possibly have complied

2   with the obligations incumbent upon it."  Plaintiff's counsel once again identified

3   that "emails, text messages, memoranda and any other written communications or

4   materials created by OCSD employees discussing or relating to Scott Montoya (*see,*

5   *e.g.*, RFP 3, 4, 5 & 6)" should have been produced.  Plaintiff's counsel noted that

6   Plaintiff had delayed depositions in anticipation of receiving the responsive

7   documents, but that trial was fast approaching.

8          In response, on September 19, 2012, OCSD's counsel produced additional

9   documents and stated OCSD continued to look for responsive documents.  See

10   Declaration of C. Newton, Exhibit 6.  OCSD's counsel wrote, "[g]athering

11   documents from such a large organization over such a broad period of time has

12   proven very difficult.  Another set of documents will be forthcoming by the end of

13   this week, which includes email files from Plaintiff's Outlook program."

14   Additional documents were produced on September 19 and 21, 2012.

15          Unfortunately, the productions continued to be deficient.  On October 12,

16   2012, Plaintiff's counsel wrote to OCSD stating, "[w]e have now completed our

17   review of those documents, and many of the deficiencies noted in my September

18   17th letter remain."  See Declaration of C. Newton, Exhibit 7.  The most glaring

19   deficiency continued to be the lack of emails and internal communications.

20   Counsel further noted, "we have received *no* response to the issues raised in that

21   letter, much less a satisfactory one."  Finally, Plaintiff's counsel requested a written

22   supplemental response to confirm whether responsive documents existed, and if so,

23   that they be produced by October 19.

24          On October 19, 2012, just two weeks prior to the close of discovery, OCSD's

25   counsel responded as follows:

26                 We are still waiting on a detailed explanation from our
                   Systems Department the efforts they have gone through
27                 to search for emails.  From what I can tell, they are
                   overwhelmed by the requests for emails since there are
28

almost 4,000 OCSD employees and computers are always being re-tasked. Apparently, there is no way to conduct a centralized search for emails. What I would suggest is that you narrow the request to the point that we can have the Systems Department quickly search for emails.

See Declaration of C. Newton, Exhibit 8. For the first time, OCSD suggested that an email search may not have been conducted, and counsel requested that Plaintiff's counsel narrow the requests to speed up the process.

On October 22, 2012, Plaintiff's counsel responded to OCSD regarding OCSD's request "for the very first time that we identify the custodians it should search for emails." See Declaration of C. Newton, Exhibit 9. In an attempt to narrow the scope, Plaintiff's counsel referred OCSD to the witnesses identified in prior disclosures: "we believe we are (and always have been) entitled to responsive emails to, from, or copying at least the witnesses identified in our April 9, 2012 Rule 26(a)(1) Disclosures."

On October 23, 2012, OCSD's counsel elaborated on OCSD's failure to search for responsive documents. See Declaration of C. Newton, Exhibit 10. OCSD's counsel informed Plaintiff, for the first time, that he had learned in July that "OCSD did not have the resources to search for such a broad scope of communications." In other words, no search was ever conducted.

Counsel for OCSD and Plaintiff have discussed this matter in person and through written correspondence. See Declaration of C. Newton, paragraph 3. While OCSD has suggested it can aggressively search for communication if Plaintiff will narrow the requests, the discovery deadline has past, and Plaintiff has been severely prejudiced by the delay. As of this filing, Plaintiff will have conducted at least 9 depositions, and the discovery cutoff was November 2, 2012. See Declaration of C. Newton, Exhibit 11 and 12.

Plaintiff requests an ordering compelling OCSD to produce all responsive ESI to the Requests for Production of Documents identified below. Plaintiff further requests an order permitting Plaintiff to re-depose witnesses on any subsequently produced ESI.

**Sanctions**

OCSD's blatant failure to comply with its discovery obligations has caused Plaintiff to incur unnecessary fees and costs, and has forced Plaintiff to involve the Court.  Plaintiff therefore requests sanctions in an amount to compensate Plaintiff for the fees associated with filing this motion.  Fed.R.Civ.Pro. 37(a)(5).  As OCSD admits, it has not complied with its discovery obligations.  "Where the breach of a discovery obligation is the non-production of evidence, a court has broad discretion to determine the appropriate sanction." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., L.L.C*, 685 F. Supp. 2d 456, 469 (S.D.N.Y.2010).  Further, improper certification of a discovery response can be grounds for sanctions.  Fed.R.Civ.Pro. 26(g).

OCSD has been aware of Plaintiff's concerns about its production since early August, and OCSD failed to inform Plaintiff that it had not searched for responsive ESI until October 23, 2012.  The "failure to collect records — either paper or electronic — from key players constitutes gross negligence or willfulness . . . ." *Pension Comm. of Univ. of Montreal Pension Plan v. Bank of Am. Secs., LLC*, 685 F.Supp.2d 456, 465 (S.D.N.Y. 2010); see *In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 132 (S.D.N.Y. 2007) (imposing substantial Rule 37 sanctions where delayed production of documents "multiplied proceedings and caused undue time and expense").

Plaintiff has incurred costs associated with deposing witnesses without the responsive ESI, and Plaintiff has incurred costs and fees associated with this motion.  Plaintiff estimates that his attorneys will spend approximately 10 hours at $625 per hour on this Stipulation and up to 5 hours on any follow up briefing.

**Defendant's Points & Authorities**

**Factual Background**

On June 15, 2012, Defendant served its Response to Plaintiff Scott Montoya's Request for Production of Documents (Set One).  In that Response, Defendant indicated that Plaintiff's request for ESI communications (Request Nos. 1-6) was overbroad and unduly burdensome.  However, in good faith Defendant agreed to continue its efforts to search for documents responsive to the requests because there was no indication that such documents would be impossible to obtain.  About a month later, in July, counsel for Defendant received notice that Requests Nos. 1-6 related to ESI communications were extremely burdensome and not reasonably accessible.

Based on this notice, counsel for Defendant prepared Supplemental Responses to Plaintiff's Request for Production of Documents (Set One) Nos. 1-6, which stated, in part:

> …Defendant has produced numerous documents that are responsive to this request; however, further efforts to seek responsive documents would be overly burdensome and harassing.  Defendant is willing to meet and confer with Plaintiff in order to narrow the request and reduce the burden on Defendant of responding to such a broad category of documents.

The Supplemental Responses were set to be served as of the beginning of August of 2012, which would have notified plaintiff's counsel of the need to narrow their broad requests related to ESI communications.  Unfortunately, those Supplemental Responses were never served because of an unknown and inadvertent mistake.  It is unknown the reason that the Supplemental Responses were not served; however, they were drafted and ready to be sent out but for whatever reason they were never served.  Counsel for Defendant has reviewed dozens of emails and other correspondence that were sent back and forth throughout July, August, September, and October between plaintiff's counsel, defendant's counsel and OCSD, but it is impossible to determine exactly what happened and why the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBx)

1   mistake occurred.  Defendant has been furiously producing thousands of documents
2   throughout this litigation.  In fact, Defendant has produced at least 6,144 pages of
3   documents in response to numerous requests, follow-up requests, and other meet
4   and confer efforts in the last five months.  In short, counsel for Defendant made an
5   inadvertent mistake while trying to juggle all of the other discovery issues in this
6   case.

7        As soon as counsel for Defendant recognized the mistake, extensive efforts
8   were made to comply with the request for ESI communications.  First, counsel for
9   Defendant immediately began meeting and conferring with plaintiff's counsel to
10  determine if any portion of the requests could be narrowed.  Plaintiff's counsel
11  agreed to narrow the requests sufficiently to allow Defendant to conduct a non-
12  burdensome search for the responsive documents.  Second, counsel for Defendant
13  began working immediately with OCSD's IT Manager to determine the expected
14  date that the responsive documents could be obtained.  The IT Manager agreed to
15  make this issue a number one priority and obtain the documents on an expedited
16  basis.  Defendant expects to be able to produce the responsive documents by
17  November 9, 2012.

18  **<u>Discussion</u>**

19        The instant motion is moot.  Defendant has agreed to all the demands set
20  forth by Plaintiff contained in the instant motion to compel.  There is no discovery
21  dispute.  Plaintiff is essentially trying to punish Defendant for an inadvertent
22  mistake for which it is doing it's very best to remediate.  Plaintiff essentially seeks
23  sanctions for the time it took to draft a completely unnecessary motion.  Defendant
24  has already stipulated to provide the discovery sought by this motion and to
25  stipulate to making any deponents available for further questioning should the ESI
26  communications yield relevant information and did so prior to Plaintiff drafting the
27  instant motion.  Defendant has always been willing to stipulate to other forms of
28  relief for Plaintiff in order to resolve this issue, such as stipulating to continue trial.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBX)

Moreover, OCSD's document retention policy related to the information sought by this motion dictates that such documents are only kept for the last two years.  Therefore, the ESI communications will only include documents from the last two years.  Even if all ESI communications for all OCSD employees were kept from the day that Plaintiff filed his lawsuit, it would only include communications from December of 2009.  According to Plaintiff's First Amended Complaint, the alleged harassment and discrimination began back in January of 2005 and Plaintiff was put on administrative leave by December of 2009.

It is completely unknown whether the forthcoming ESI production will include anything of relevance to this case or to any of the deponents. The burden is on the moving party to demonstrate actual and substantial prejudice from the denial of discovery. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (ND IL 2005); see *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001)— denial of motion not an abuse of discretion "absent a clear showing that the denial of discovery resulted in actual and substantial prejudice" to moving party.  Here, Plaintiff cannot show actual and substantial prejudice because the document production is forthcoming and Defendant has already agreed to produce any deponents for further testimony, but also because there is no indication at this point that the documents would have any relevant information.

Counsel for Defendant requested that Plaintiff's counsel wait until at least November 9, 2012 to file the instant motion should the forthcoming production of documents yield nothing of relevance.  This was done in order to try and resolve these issues without court intervention.   Plaintiff's counsel, however, was determined to file the instant motion and require this Court to delve into these issues unnecessarily.

**Sanctions**

Defendant pleads with this honorable Court to deny Plaintiff's request for sanctions.  Defendant has done everything in its power to avoid the instant motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBx)

Defendant has done everything in its power to work with Plaintiff's counsel to remediate the situation that was caused by an unfortunate and inadvertent mistake. Defendant is doing everything in its power to produce the documents that form the basis of this motion as fast as possible, and did so well before the instant motion was drafted.

Under the Federal Rules of Civil Procedure, the party who prevails on a motion to compel is entitled to fees and costs, <u>unless other circumstances make such an award unjust</u>. FRCP 37(a)(5); *H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1124–1125 (6th Cir. 1976). Here, it would be unjust to sanction Defendant where, as here, Defendant is doing everything in its power to comply with the discovery requests and is working with Plaintiff to find a solution to these issues short of involving this Court to decide issues that have already been worked out between counsel. Moreover, Defendant agreed to produce the responsive documents from the beginning when it seemed feasible. Ironically, this issue has become a problem, in part, because of Defendant's willingness at the beginning of discovery to be overly optimistic about its ability to obtain vast amounts of documents. Instead of outright rejecting Plaintiff's original request as overbroad, Defendant tried to obtain the information sought in good faith.

It is deeply regretful that this motion is now before the Court despite Defendant's best efforts at resolving this issue without court intervention.

### **Specific Discovery Requests and Responses**

Plaintiff seeks an order requiring Defendant to produce ESI responsive to the following Requests for Production of Documents.

<u>Request for Production No. 1:</u>

"All COMMUNICATIONS between YOU and PLAINTIFF from January 1, 2005 to present."

<u>Response to Request for Production No. 1:</u>

Objection, this request is overly broad, unduly burdensome, irrelevant and

Cooley LLP
Attorneys At Law
San Diego

13.

**Joint Stipulation re Motion to Compel
Case No. SACV11-01922 JVS (RNBx)**

not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request seeks information that is protected from discovery under the attorney-client privilege and the attorney work product doctrine. And finally, this request seeks to invade the privacy rights of third parties not involved in the present lawsuit. Without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce all documents responsive to this request as they are kept in the normal course of business. Defendant continues to search for further documents responsive to this request and will supplement its production as soon as such documents come to light.

Request for Production No. 2:

All DOCUMENTS REGARDING any COMMUNICATIONS between YOU and PLAINTIFF from January 1, 2005 to present.

Response to Request for Production No.2:

Objection, this request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Also, the request is vague as to the term "DOCUMENTS REGARDING" in that the definition provided by Plaintiff is too broad and inclusive, and therefore, it is difficult to determine the exact information that Plaintiff requests. Moreover, this request seeks information that is protected from discovery under the attorney-client privilege and the attorney work product doctrine. And finally, this request seeks to invade the privacy rights of third parties not involved in the present lawsuit. Without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce all documents responsive to this request as they are kept in the normal course of business. Defendant continues to search for further documents responsive to this request and will supplement its production as soon as such documents come to light.

Request for Production No. 3:

All COMMUNICATIONS between YOU and any PERSON or ENTITY

Cooley LLP
Attorneys At Law
San Diego

14.

Joint Stipulation re Motion to Compel
Case No. SACV11-01922 JVS (RNBx)

1   REGARDING PLAINTIFF from January 1, 2005 to present.

2   <u>Response to Request for Production No. 3:</u>

3       Objection, this request is overly broad, unduly burdensome, irrelevant and

4   not reasonably calculated to lead to the discovery of admissible evidence.

5   Moreover, this request seeks information that is protected from discovery under the

6   attorney-client privilege and the attorney work product doctrine. And finally, this

7   request seeks to invade the privacy rights of third parties not involved in the present

8   lawsuit. Without waiving the foregoing objections, Defendant responds as follows:

9       Defendant will produce all documents responsive to this request as they are

10   kept in the normal course of business. Defendant continues to search for further

11   documents responsive to this request and will supplement its production as soon as

12   such documents come to light.

13   <u>Request for Production No. 4:</u>

14       All DOCUMENTS REGARDING any COMMUNICATIONS between YOU

15   and any PERSON or ENTITY REGARDING PLAINTIFF from January 1, 2005 to

16   present.

17   <u>Response to Request for Production No.4:</u>

18       Objection, this request is overly broad, unduly burdensome, irrelevant and

19   not reasonably calculated to lead to the discovery of admissible evidence. Also, the

20   request is vague as to the term "DOCUMENTS REGARDING" in that the

21   definition provided by Plaintiff is too broad and inclusive, and therefore, it is

22   difficult to determine the exact information that Plaintiff requests. Moreover, this

23   request seeks information that is protected from discovery under the attorney-client

24   privilege and the attorney work product doctrine. And finally, this request seeks to

25   invade the privacy rights of third parties not involved in the present lawsuit.

26   Without waiving the foregoing objections, Defendant responds as follows:

27       Defendant will produce all documents responsive to this request as they are

28   kept in the normal course of business. Defendant continues to search for further

Cooley LLP
Attorneys At Law
San Diego

15.

Joint Stipulation re Motion to Compel
Case No. SACV11-01922 JVS (RNBx)

1    documents responsive to this request and will supplement its production as soon as
2    such documents come to light.

3    <u>Request for Production No. 5:</u>

4         All COMMUNICATIONS among YOUR past or present officers, directors,
5    partners, sheriffs, undersheriffs, captains, lieutenants, sergeants, deputies,
6    employees, agents, representatives, attorneys, accountants, advisors, consultants,
7    divisions, subsidiaries, parents, affiliates, successors-in-interest, predecessors, or
8    other PERSONS or ENTITIES acting or purporting to act for, or on YOUR behalf
9    REGARDING PLAINTIFF from January 1, 2005 to present.

10   <u>Response to Request for Production No.5:</u>

11        Objection, this request is overly broad, unduly burdensome, irrelevant and
12   not reasonably calculated to lead to the discovery of admissible evidence.
13   Moreover, this request seeks information that is protected from discovery under the
14   attorney-client privilege and the attorney work product doctrine. And finally, this
15   request seeks to invade the privacy rights of third parties not involved in the present
16   lawsuit. Without waiving the foregoing objections, Defendant responds as follows:

17        Defendant will produce all documents responsive to this request as they are
18   kept in the normal course of business. Defendant continues to search for further
19   documents responsive to this request and will supplement its production as soon as
20   such documents come to light.

21   <u>Request for Production No. 6:</u>

22        All DOCUMENTS REGARDING any COMMUNICATIONS among
23   YOUR past or present officers, directors, partners, sheriffs, undersheriffs, captains,
24   lieutenants, sergeants, deputies, employees, agents, representatives, attorneys,
25   accountants, advisors, consultants, divisions, subsidiaries, parents, affiliates,
26   successors-in-interest, predecessors, or other PERSONS or ENTITIES acting or
27   purporting to act for, or on YOUR behalf REGARDING PLAINTIFF from January
28   1, 2005 to present.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBX)

1    Response to Request for Production No. 6:

2         Objection, this request is overly broad, unduly burdensome, irrelevant and

3    not reasonably calculated to lead to the discovery of admissible evidence. Also, the

4    request is vague as to the term "DOCUMENTS REGARDING" in that the

5    definition provided by Plaintiff is too broad and inclusive, and therefore, it is

6    difficult to determine the exact information that Plaintiff requests. Moreover, this

7    request seeks information that is protected from discovery under the attorney-client

8    privilege and the attorney work product doctrine. And finally, this request seeks to

9    invade the privacy rights of third parties not involved in the present lawsuit.

10   Without waiving the foregoing objections, Defendant responds as follows:

11        Defendant will produce all documents responsive to this request as they are

12   kept in the normal course of business. Defendant continues to search for further

13   documents responsive to this request and will supplement its production as soon as

14   such documents come to light.

15   Request for Production No. 9:

16        All DOCUMENTS REGARDING any discipline, suspension, or termination

17   of PLAINTIFF instituted  or authorized by YOU from January 1, 1989 to present.

18   Response to Request for Production No.9:

19        Objection, this request is overly broad, unduly burdensome, and includes

20   information that is irrelevant and not reasonably calculated to lead to the discovery

21   of admissible evidence. Also, the request is vague as to the term "DOCUMENTS

22   REGARDING" in that the definition provided by Plaintiff is too broad and

23   inclusive, and therefore, it is difficult to determine the exact information that

24   Plaintiff requests. Without waiving the foregoing objections, Defendant responds as

25   follows:

26        Defendant will produce all documents responsive to this request as they are

27   kept in the normal course of business. Defendant continues to search for further

28   documents responsive to this request and will supplement its production as soon as

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBx)

1   such documents come to light.

2   Request for Production No. 10:

3       All DOCUMENTS REGARDING any investigations REGARDING

4   PLAINTIFF conducted or authorized by YOU from January 1, 1989 to present.

5   Response to Request for Production No. 10:

6       Objection, this request is overly broad, unduly burdensome, and includes

7   information that is irrelevant and not reasonably calculated to lead to the discovery

8   of admissible evidence. Also, the request is vague as to the term "DOCUMENTS

9   REGARDING" in that the definition provided by Plaintiff is too broad and

10  inclusive, and therefore, it is difficult to determine the exact information that

11  Plaintiff requests. And finally, this request seeks to invade the privacy rights of

12  third parties not involved in the present lawsuit. Without waiving the foregoing

13  objections, Defendant responds as follows:

14      Defendant will produce all documents responsive to this request as they are

15  kept in the normal course of business. Defendant continues to search for further

16  documents responsive to this request and will supplement its production as soon as

17  such documents come to light.

18  Request for Production No. 13:

19      All DOCUMENT REGARDING the results of any investigations conducted

20  by YOU into any complaint or allegation raised in any form by PLAINTIFF from

21  January 1, 2004 to present.

22  Response to Request for Production No. 13:

23      Objection, this request is vague as to the term "DOCUMENTS

24  REGARDING" in that the definition provided by Plaintiff is too broad and

25  inclusive, and therefore, it is difficult to determine the exact information that

26  Plaintiff requests. And finally, this request seeks to invade the privacy rights of

27  third parties not involved in the present lawsuit. Without waiving the foregoing

28  objections, Defendant responds as follows:

Cooley LLP
Attorneys At Law
San Diego

18.

Joint Stipulation re Motion to Compel
Case No. SACV11-01922 JVS (RNBx)

1  Defendant will produce all documents responsive to this request as they are
2  kept in the normal course of business. Defendant continues to search for further
3  documents responsive to this request and will supplement its production as soon as
4  such documents come to light.

5  Request for Production No. 16:

6  All DOCUMENTS REGARDING YOUR determination REGARDING
7  PLAINTIFF's eligibility for any promotions within OCSD from January 1, 2004 to
8  present.

9  Response to Request for Production No. 16:

10  Objection, this request is vague as to the term "DOCUMENTS
11  REGARDING" in that the definition provided by Plaintiff is too broad and
12  inclusive, and therefore, it is difficult to determine the exact information that
13  Plaintiff requests.  Without waiving the foregoing objections, Defendant responds
14  as follows:

15  Defendant will produce all documents responsive to this request as they are
16  kept in the normal course of business. Defendant continues to search for further
17  documents responsive to this request and will supplement its production as soon as
18  such documents come to light.

19  Request for Production No. 18:

20  All DOCUMENTS REGARDING any application or request by PLAINTIFF
21  to be assigned to any COLLATERAL DUTY within OCSD from January 1, 2004
22  to present.

23  Response to Request for Production No. 18:

24  Objection, this request is vague as to the term "DOCUMENTS
25  REGARDING" in that the definition provided by Plaintiff is too broad and
26  inclusive, and therefore, it is difficult to determine the exact information that
27  Plaintiff requests. Without waiving the foregoing objections, Defendant responds as
28  follows:

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

19.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBx)

Defendant will produce all documents responsive to this request as they are kept in the normal course of business. Defendant continues to search for further documents responsive to this request and will supplement its production as soon as such documents come to light.

Request for Production No. 19:

All DOCUMENTS REGARDING YOUR determination REGARDING PLAINTIFF's eligibility for any COLLATERAL DUTY within OCSD from January 1, 2004 to present.

Response to Request for Production No. 19:

Objection, this request is vague as to the term "DOCUMENTS REGARDING" in that the definition provided by Plaintiff is too broad and inclusive, and therefore, it is difficult to determine the exact information that Plaintiff requests. Without waiving the foregoing objections, Defendant responds as follows:

Defendant will produce all documents responsive to this request as they are kept in the normal course of business. Defendant continues to search for further documents responsive to this request and will supplement its production as soon as such documents come to light.

Request for Production No. 20:

All DOCUMENTS REGARDING PLAINTIFF's participation in YOUR Gang Reduction Intervention Program.

Response to Request for Production No. 20:

Objection, this request is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Also, the request is vague as to the term "DOCUMENTS REGARDING" in that the definition provided by Plaintiff is too broad and inclusive, and therefore, it is difficult to determine the exact information that Plaintiff requests. Without waiving the foregoing objections, Defendant responds as follows:

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

20.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBx)

1   Defendant will produce all documents responsive to this request as they are
2   kept in the normal course of business. Defendant continues to search for further
3   documents responsive to this request and will supplement its production as soon as
4   such documents come to light.

5   Request for Production No. 21:

6   All DOCUMENTS REGARDING PLAINTIFF's role as School Resource
7   Officer.

8   Response to Request for Production No. 21:

9   Objection, this request is vague as to the term "DOCUMENTS
10  REGARDING" in that the definition provided by Plaintiff is too broad and
11  inclusive, and therefore, it is difficult to determine the exact information that
12  Plaintiff requests. Without waiving the foregoing objections, Defendant responds as
13  follows:

14  Defendant will produce all documents responsive to this request as they are
15  kept in the normal course of business. Defendant continues to search for further
16  documents responsive to this request and will supplement its production as soon as
17  such documents come to light.

18  Request for Production No. 22:

19  All DOCUMENTS REGARDING any medical examinations contemplated,
20  conducted, ordered, or authorized by YOU of PLAINTIFF, to include, without
21  limitation, physical or psychological examinations from January 1, 1989 to present.

22  Response to Request for Production No. 22:

23  Objection, this request is overly broad, unduly burdensome, irrelevant and
24  not reasonably calculated to lead to the discovery of admissible evidence. Also, the
25  request is vague as to the term "DOCUMENTS REGARDING" in that the
26  definition provided by Plaintiff is too broad and inclusive, and therefore, it is
27  difficult to determine the exact information that Plaintiff requests. Without waiving
28  the foregoing objections, Defendant responds as follows:

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

21.

JOINT STIPULATION RE MOTION TO COMPEL
CASE NO. SACV11-01922 JVS (RNBx)

1  Defendant will produce all documents responsive to this request as they are kept in

2  the normal course of business. Defendant continues to search for further documents

3  responsive to this request and will supplement its production as soon as such

4  documents come to light.

5  DATED:  November 9, 2012          COOLEY LLP

6

7                                                    /s/John S. Kyle
                                                       John S. Kyle, Esq.
8                                                    Email: jkyle@cooley.com
                                                       Craig S. Newton, Esq.
9                                                    Email: cnewton@cooley.com
                                                       Shannon Sorrells, Esq.
10                                                  Email: ssorrells@cooley.com
                                                       Attorneys for Plaintiff
11                                                  SCOTT MONTOYA

12

13  DATED:  November 9, 2012          KOELLER, NEBEKER, CARLSON &
                                                       HALUCK, LLP
14

15                                                  /s/Michael J. Rossiter
                                                       William L. Haluck, Esq.
16                                                  Email: haluck@knchlaw.com
                                                       Michael J. Rossiter, Esq.
17                                                  Email: michael.rossiter@knchlaw.com
                                                       Attorneys for Defendant
18                                                  ORANGE COUNTY SHERIFF'S
                                                       DEPARTMENT
19

20

21

22

23

24

25

26

27

28

Cooley LLP
Attorneys At Law
San Diego

22.

Joint Stipulation re Motion to Compel
Case No. SACV11-01922 JVS (RNBx)

## FILER'S ATTESTATION

Pursuant to this Court's Local Rule 5-4.3.4(a)(2)(i), the undersigned attests that all parties have concurred in the filing of this Joint Stipulation re Motion to Compel Defendant Orange County Sheriff's Department to Produce Documents in Response to Plaintiff's First Set of Document Requests.

DATED:  November 9, 2012          COOLEY LLP

/s/John S. Kyle
_____
John S. Kyle, Esq.
Email: jkyle@cooley.com
Attorney for Plaintiff
SCOTT MONTOYA

783781 v1/SD

Cooley LLP
Attorneys At Law
San Diego

23.

Joint Stipulation re Motion to Compel
Case No. SACV11-01922 JVS (RNBx)