# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT MONTOYA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE ORANGE COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　　Defendant. | Case No. 11-cv-01922 JGB RNBx<br><br>**JUDGMENT**<br><br>Assigned to the Hon. Jesus G. Bernal<br><br>Trial Date: October 29, 2013 |

　　　Plaintiff Scott Montoya's complaint against the Orange County Sheriff's Department for relief under the Uniform Servicemembers Employment and Reemployment Rights Act, 38 U.S.C. § 4311 *et seq.*, for subjecting him to a hostile work environment motivated by his service in the military came to trial before this Court in three phases beginning in October 2013. The first phase on liability was tried to a jury from October 29, 2013 through November 8, 2013. On November 8, 2013 the jury returned into Court with its verdict on liability as follows [Doc. No.232]:

**JUDGMENT**

　　Case No. 11-CV-01922 JGB RNBx

We, the jury in the above entitled action, find the following verdict on the questions submitted to us:

## HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR

**Question No. 1:** Do you find by a preponderance of the evidence that Scott Montoya was subjected to a hostile work environment created or permitted by a supervisor who was motivated by his service in the uniformed service?

**Answer** "yes" or "no."

**Answer:** _yes___

*If you answered "yes," proceed to Question No. 2.*

*If you answered "no," proceed to Question No. 6.*

**Question No. 2:** Do you find by a preponderance of the evidence that such hostile work environment was created or permitted by a supervisor who was empowered by the Orange County Sheriff's Department to take tangible employment actions regarding Scott Montoya?

**Answer** "yes" or "no."

**Answer:** _yes___

*If you answered "yes," proceed to Question No. 3.*

*If you answered "no," proceed to Question No. 6.*

**Question No. 3:** Do you find by a preponderance of the evidence that Scott Montoya suffered a tangible employment action as a result of harassment by a supervisor which was motivated by Scott Montoya's military service?

**Answer** "yes" or "no."

**Answer:** _yes_

*If you answered "yes," proceed to Question No. 6.*

*If you answered "no," proceed to Question No. 4.*

**<u>Orange County Sheriff's Department Affirmative Defense to Scott Montoya's Hostile Work Environment Caused By Supervisor Claim</u>**

**Question No. 4:** Do you find the Orange County Sheriff's Department has established by a preponderance of the evidence that it exercised reasonable care to prevent and promptly correct any harassing behavior which was motivated by military service?

**Answer** "yes" or "no."

**Answer:** _no_

*If you answered "yes," proceed to Question No. 5.*

*If you answered "no," proceed to Question No. 6.*

**Question No. 5:** Do you find that the Orange County Sheriff's Department has established by a preponderance of the evidence that Scott Montoya unreasonably failed to take advantage of any preventative or corrective opportunities it provided or that he unreasonably failed to otherwise avoid harm?

**Answer** "yes" or "no."

**Answer:** _____

*Whether you answered "yes" or "no" proceed to Question No. 6*

## HOSTILE WORK ENVIRONMENT CAUSED BY CO-WORKER

**Question No. 6:** Do you find by a preponderance of the evidence that Scott Montoya was subjected to a hostile work environment by a co-worker or co-workers who were motivated by his service in the military?

**Answer** "yes" or "no."

**Answer:** _yes___

*If you answered "yes," proceed to Question No. 7.*

*If you answered "no," proceed to Question No. 8.*

**Question No. 7:** Do you find by a preponderance of the evidence that the Orange County Sheriff's Department or a member of the Orange County Sheriff's Department's management knew or should have known of the co-worker harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment?

**Answer** "yes" or "no."

**Answer:** _yes___

*Whether you answered "yes" or "no" proceed to Question No. 8*

## ORANGE COUNTY SHERIFF'S DEPARTMENT'S AFFIRMATIVE DEFENSE – ACTION TAKEN REGARDLESS OF SERVICE

**Question No. 8:** Do you find that the Orange County Sheriff's Department has established by a preponderance of the evidence that the action of creating a hostile work environment for Scott Montoya would have been taken in the absence of his military service?

**Answer** "yes" or "no."

4

**Answer:** no

*Whether you answered "yes" or "no to this question, please sign and date this verdict form.*

Signed: /s/ #8

           Foreperson

Dated: 11/8/2013

On November 14, 2013, the jury reconvened for the second phase of trial on damages – specifically, lost vacation pay, lost back wages, and liquidated damages. On November 15, 2013 the jury returned into Court with its verdict on damages as follows [Doc. No. 231]:

We, the jury in the above entitled action, find the following verdict on the questions submitted to us:

## **BACK PAY – LOST VACATION PAY**

**Question No. 1**: Do you find Scott Montoya has proved by a preponderance of the evidence that the hostile work environment caused him to lose vacation pay?

**Answer** "yes" or "no"

**Answer:** Yes

*If your answer is "yes," proceed to Question No. 2.*

*If your answer is "no," proceed to Question No. 3.*

**Question No. 2:** What sum, if any, do you award Scott Montoya for his lost vacation pay?

$41,825.00.

*Proceed to Question No. 3.*

## BACK PAY – LOST WAGES

**Question No. 3:** Do you find that Scott Montoya has proved by a preponderance of the evidence that he has been unable to work because of the hostile work environment?

**Answer** "yes" or "no"

**Answer:** Yes.

*If your answer is "yes," proceed to Question No. 4.*

*If your answer is "no," proceed to Question No. 6.*

<u>*Orange County Sheriff's Department's Affirmative Defense to Scott Montoya's Back Pay – Lost Wages Claim*</u>

**Question No. 4:** Do you find that the Orange County Sheriff's Department has proved by a preponderance of the evidence that it terminated Scott Montoya for reasons other than his military service?

**Answer** "yes" or "no"

**Answer:** No.

*If your answer is "yes," proceed to Question No. 6.*

*If your answer is "no," proceed to Question No. 5.*

**Question No. 5:** What sum, if any, do you award Scott Montoya for his lost wages?

$<u>206,178.00</u>

*Proceed to Question No. 6.\*

## LIQUIDATED DAMAGES

*If you awarded a sum for either Question Nos. 2 or 5, answer the following Question Nos. 6 and 7.*

**Question No. 6:** Do you find that Scott Montoya has proved by a preponderance of the evidence that the Orange County Sheriff's Department's conduct was willful as defined in the instructions?

**Answer** "yes" or "no"

**Answer:** Yes.

*If your answer is "yes," proceed to Question No. 7.*

*If your answer is "no," please sign and date the last page of this verdict form.*

**Question No. 7:** What sum do you award Scott Montoya for liquidated damages? This amount should be the equal to the sum of the amount(s) in your answers to Question Nos. 2 and 5.

$248,003.00

*This ends your deliberations, please sign and date the last page of this verdict form.*

Signed: /s/ #8

                Foreperson

Dated: 11/15/13

**EQUITABLE RELIEF**

On January 9, 2014, the Court heard the third phase of the trial on the equitable relief available to a plaintiff under 38 U.S.C § 4323(e) of USERRA – specifically reinstatement and front pay. On November 13, 2014, following the introduction of evidence on these issues, oral argument, and briefing by the parties, the Court issued a minute order entitled Findings of Fact and Conclusions of Law Re: Court Trial on Equitable Relief [Doc. No. 256] ordering equitable relief on Scott Montoya's complaint as follows:

(1) Plaintiff Scott Montoya is not entitled to reinstatement; and

(2) Plaintiff Scott Montoya is awarded one-year of front pay totaling $98,629.00.

**ATTORNEYS FEES, COSTS, AND INTEREST**

Plaintiff Scott Montoya is the prevailing party under Federal Rule of Civil Procedure 54(d)(1) and may pursue recovery of his costs incurred in this action in accordance with said Rule and the Local Rules of this Court. Plaintiff Scott Montoya, as the prevailing party, may pursue recovery of his reasonable attorney fees, expert witness fees, and other litigation expenses under 38 U.S.C. § 4323(h). Plaintiff Scott Montoya is also entitled to pre-judgment and post-judgment interest on amounts awarded and may pursue recovery of those amounts.

//

//

//

//

     This judgment may be amended to include any pre-judgment and post-judgment interest, costs, attorneys' fees, expert witness fees, and other litigation expenses awarded to Plaintiff Scott Montoya by the Court.

Dated: <u>December 1, 2014</u>

                                        Hon. Jesus G. Bernal
                                        United States District Court Judge